UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**REGINALD THAD-MARINE,**

        **Plaintiff,**　　　　　　CASE NUMBER: 07-11355
　　　　　　　　　　　　　　　　HONORABLE VICTORIA A. ROBERTS

v.

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, AEGIS LENDING CORPORATION,**

        **Defendants.**
_____/

## ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant's Motion for Summary Judgment and Plaintiff's Motion for Discovery. For the reasons stated, Defendant's motion is **GRANTED**; Plaintiff's motion is **DENIED**.

### II. BACKGROUND

On March 28, 2007, Reginald Thad-Marine ("Plaintiff") filed a two-count Complaint against Mortgage Electronic Registration Systems, Inc. ("MERS") and Aegis Lending Corporation ("Aegis")(collectively, "Defendants"). Plaintiff asks the Court to render a non-judicial foreclosure and sale of his home invalid and cancel a sheriff's deed executed against the property. He claims that Defendants violated state law foreclosure requirements. Specifically, Plaintiff alleges that Defendants sold his home without providing him with a notice of default or a right to cure. He says that he sent his mortgage payments to Aegis from December, 2005 through March, 2006 but Aegis rejected the payments.

On August 2, 2006, Plaintiff's home was advertised to be sold at a sheriff's sale for $124,115.98. On the day of the sale, Plaintiff says the property was not listed and that the Sheriffs Civil Affairs Office informed him that the sale was postponed. On August 9, 2006, without notice to Plaintiff, the property was sold. Plaintiff asserts that the sale was secretly held to deny him the opportunity to reclaim the property. He argues that the foreclosure sale did not comply with state law requirements and as a result, he was wrongfully and fraudulently deprived of title to his property.

On February 1, 2007, Plaintiff filed a Complaint in Wayne County Circuit Court arguing that Defendants failed to comply with the Michigan Foreclosure by Advertisement statute, M.C.L. § 600.3201 *et seq*. He requested the Court to: (1) set aside the sale of the property; (2) cancel the sheriff's deed; and (3) invalidate the quit claim deed conveying interest in the property to DJL Mortgage Capital. Defendants filed a motion for summary judgment. The case was dismissed on March 19, 2007. On March 28, 2007, Plaintiff filed a virtually identical complaint with this Court seeking the same relief.

Defendants filed an Answer denying Plaintiff's allegations and claiming to no longer hold an interest in the property. In a motion for summary judgment, they also argue that this case is an inappropriate attempt by Plaintiff to relitigate claims he lost in the state court proceeding. Defendants contend Plaintiff's claims are barred by res judicata and the Rooker-Feldman doctrine. Although Plaintiff did not file a response to Defendant's motion, he filed a motion requesting the Court to order discovery.

### III.    STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The moving party bears the initial burden of showing that there is no genuine issue of material fact. *Snyder v. AG Trucking Co.*, 57 F.3d 484, 488 (6th Cir. 1995). Alternatively, the movant may meet this burden by pointing out to the court that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case, and on which that party will bear the burden of proof at trial. *Tolton v. Am. Biodyne, Inc.*, 48 F.3d 937 (6th Cir. 1995); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989). Once the moving party meets its burden, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of its complaint. *Copeland*, 57 F.3d at 479. When the nonmoving party fails to make this showing and the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

## IV. ANALYSIS

### A. Federal Question and Diversity Jurisdiction

This Court is empowered to hear only cases "arising under the Constitution, laws, or treaties of the United States" or where it is determined by the pleadings that diversity

3

jurisdiction exists between the parties. 28 U.S.C. §§ 1331, 1332. Defendants challenge this Courts jurisdiction. They argue that Plaintiff fails to establish that this Court has either federal question or diversity jurisdiction.

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the grounds upon which the court's jurisdiction depends . . .." Federal question jurisdiction exists where the cause of action is based on federal law. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 807-08 (1986). Under the "well-pled complaint" rule, a federal question must be presented on the face of the complaint. *Id.* at 808. Defendants argue that under the "well-pled complaint" rule Plaintiff does not state a federal question on the face of the complaint or even reference any federal laws or statutes in his Complaint. While this may be true, the Court finds that Plaintiff's cause of action is based on diversity jurisdiction.

In order to establish diversity jurisdiction, plaintiff must demonstrate in the pleadings that the parties are citizens of different states and that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332; *Smith v. Sperling*, 354 U.S. 91 (1957)(stating that the issue of diversity jurisdiction is determined by the pleadings). "Diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff." *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365 (1978). For diversity purposes a corporation may have dual citizenship: "(A) corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

In his complaint, Plaintiff states that MERS is incorporated in Delaware with its principal place of business also in Delaware. Although Plaintiff states that Aegis is

4

incorporated in Michigan with its principal place of business in Baton Rouge, LA, corporate records reveal that both Defendants are incorporated under the laws of Delaware and have principal places of business elsewhere. The Court finds that Plaintiff, while inartful, sufficiently pleads that the parties are citizens of different states and Defendants do not contest citizenship. However, because Plaintiff does not specify his damages, Defendants argue that Plaintiff fails to allege the requisite jurisdictional amount in controversy.

In deciding this issue, the Court takes into account the nature of Plaintiff's claims. He seeks to overturn the sale of his property. Although Plaintiff failed to specifically allege damages, the property at issue in this case is certainly worth more than the $75,000.00 requisite jurisdictional amount; it sold for $124,115.89. In requesting to overturn the non-judicial sale, Plaintiff has alleged an amount in controversy that exceeds $75,000.00 and, therefore, meets the jurisdictional requirements of § 1332(a).

**B.     Res Judicata and Rooker-Feldman**

Next, Defendants argue that res judicata and Rooker-Feldman bar Plaintiff from relitigating any aspect of the claims he lost in state court.

Under the Rooker-Feldman doctrine federal courts lack jurisdiction to review the final judgments of state courts. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The doctrine of res judicata provides that federal courts must give state court judgments the same effect the rendering state court would give them. 28 U.S.C. § 1738; *Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 755 (6th Cir. 2003)(citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). The Sixth Circuit adopted a rough

5

guide from the Seventh Circuit to determine whether Rooker-Feldman or res judicata should be applied to a claim. "If the federal plaintiff was the plaintiff in state court, apply res judicata; if the federal plaintiff was the defendant in state court, apply Rooker-Feldman. *Hutcherson*, 326 F.3d at 755. Under these guidelines, the Court's analysis must be conducted with res judicata in mind.

"Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." *Eaton County Road Comm'r v. Schultz*, 205 Mich.App. 371, 375 (1994). If the claims asserted were actually litigated in state court or arise out of the same transactions which Plaintiff could have raised but did not, the Court is required to give the same effect to the Michigan state court judgment as would another Michigan state court. *Marrese*, 470 U.S. at 380. Thus, if the plaintiff would be precluded from litigating an action in state court by traditional notions of res judicata, he is similarly precluded from litigating the suit in federal court.

To apply res judicata, three elements must be established: "(1) the first action was decided on the merits; (2) the matter contested in the second case was or could have been resolved in the first; and (3) both actions involved the same parties or their privies." *Eaton County Road Comm'r*, 205 Mich.App. at 376.

All three elements are satisfied. The state court decided and dismissed Plaintiff's claims on the merits. Plaintiff raised his claims of invalid sheriff's deed and foreclosure by advertisement, pursuant to M.C.L § 600.3201 in the state court proceeding. And, Plaintiff seeks to sue the same Defendants for the same thing in this Court. It is clear that Plaintiff seeks to revisit the state court's decision in this action. Res judicata prohibits him for doing so.

## V. CONCLUSION

For the reasons stated, the Court **GRANTS** Defendant's motion to dismiss and **DENIES** Plaintiff's motion for discovery.

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 9, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on July 9, 2007.

s/Carol A. Pinegar
Deputy Clerk